# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MARCIA ALEXANDER, )
)
Plaintiff, )
)
v. )
) **C.A. No. N24C-09-064 FJJ**
LYFT, INC. and )
TYLIEF CHRISTOPHER, )
)
Defendants. )

Submitted: February 19, 2025
Decided: March 4, 2025

## OPINION AND ORDER

*Defendant Lyft, Inc.'s Motion to Dismiss Count II of Plaintiff's Complaint*
*Pursuant to Superior Court Civil Rule 12(b)(1)*
**GRANTED**

*Jason D. Warren, Esquire,* Shelsby & Leoni, Wilmington, Delaware, *Attorneys for Plaintiff, Marcia Alexander.*

*Sean Elman, Esquire and Christian J. Singewald, Esquire, White & Williams,* LLC, Wilmington, Delaware, *Attorney for Defendant Lyft, Inc.*

**Jones, J.**

On September 26, 2022, Plaintiff, Marcia Alexander ("Alexander"), was driving for Lyft, Inc ("Lyft") when she was attacked by Defendant, Tylief Christopher ("Christopher"), who was a passenger in Alexander's car. Alexander has filed the instant Complaint[1] which includes three counts. In Count I, Alexander seeks an election of personal injuries over workman's compensation benefits against Lyft because Lyft did not provide workman's compensation insurance to her. Count II involves direct claims of negligence against Lyft. Count III alleges claims against Christopher.

Lyft has moved to dismiss Count II arguing that the Court lacks subject matter jurisdiction because the matter is subject to binding arbitration pursuant to an arbitration agreement between Alexander and Lyft. Alexander opposes Lyft's motions. For the reasons stated herein, Lyft's Motion to Dismiss is **GRANTED.**

**STANDARD OF REVIEW**

Lyft moves to dismiss based on Superior Court Civil Rule 12(b)(1), claiming that the Court lacks subject matter jurisdiction over the claims in the Complaint. It is well-settled in Delaware that the power to compel arbitration lies exclusively with the Court of Chancery.[2] This Court has held, however, that is has jurisdiction to determine whether a valid and enforceable arbitration agreement exists for purposes

---

[1] Docket Item ("D.I.") 1.
[2] 10 *Del. C.* §5701.

of determining whether it has subject matter jurisdiction.[3]  In reviewing such a motion, the Court may consider matters outside the pleadings, such as testimony and affidavits.[4]

On a motion to dismiss under Rule 12(b)(1), the Court must accept every well-pled allegation as true and draw all reasonable inferences in the non-movant's favor.[5]  A motion to dismiss should be denied unless it appears to a "reasonable certainty" that the plaintiff would not be entitled to relief under any set of facts that could be proved to support them.[6]

## DISCUSSION

Both the Federal Arbitration Act ("FAA")[7] and Delaware's Uniform Arbitration Act[8] recognize the validity and enforceability of agreements to settle disputes through arbitration rather than by litigation in courts.  The FAA "establishes 'a liberal federal policy favoring arbitration.'"[9] Similarly, the public policy of Delaware "favors resolution of disputes through arbitration."[10]  The

---

[3] *Jones v. 810 Broom Street Operations, LLC*, 2014 WL 1347746, at *1 (Del. Super. April 7, 2014); *see also Aquila of Delaware, Inc. v. Wilmington Trust Company*, 2011 WL 4908406, at *1 (Del. Super. Oct. 10, 2011).

[4] *Cecilia Abernathy, et al. v. Brandywine Urology Consultants, P.A.,* 2021 WL 211144, at *1 (Del. Super. Jan. 21, 2021).

[5] *Donald H. Loudon, Jr., v. Archer-Daniels-Midland Co., et al.,* 700 A.2d 135, 140 (Del. 1997).

[6] *Id.*

[7] 9 U.S.C. § 2.

[8] 10 *Del. C.* § 5701.

[9] *Epic Sys. Corp. v. Lewis,* 584 U.S. 497, 506 (2017) (quoting *Moses H. Cone Memorial Hospital v. Mercury Const. Corp.,* 460 U.S. 1, 24 (1983)).

[10] *Graham v. State Farm Mut. Auto Ins. Co.,* 565 A.2d 908, 911 (Del. 1989) (citing *Pettinaro Constr. Co. v. Harry C. Partridge, Jr. & Sons, Inc.,* 408 A.2d 957, 961 (Del. Ch. 1979)).

Court's first task is to determine whether a valid agreement to arbitrate existed between Alexander and Lyft.

Under Delaware law, contract formation requires mutual assent, meaning a complete meeting of the minds of the parties.[11] No agreement to arbitrate exists unless there is a clear expression of such an intent.[12] Establishing a meeting of the minds and mutual assent turns on the existence of "reasonable notice to each contracting party of the contractual terms."[13]

There seems little doubt that the parties agreed to binding arbitration. In fact, Plaintiff makes no real argument to the contrary. The parties' agreement provides in relevant part:

> (a) Agreement to Binding Arbitration Between You and Lyft.
> YOU AND LYFT MUTUALLY AGREE TO WAIVE OUR RESPECTIVE RIGHTS TO RESOLUTION OF DISPUTES IN A COURT OF LAW BY A JUDGE OR JURY AND AGREE TO RESOLVE ANY DISPUTE BY ARBITRATION, as set forth below. This agreement to arbitrate ("Arbitration Agreement") is governed by the Federal Arbitration Act ("FAA"); but if the FAA is inapplicable for any reason, then this Arbitration Agreement is governed by the laws of the State of Delaware, including Del. Code tit. 10, § 5701 et seq., without regard to choice of law principles. … Except as expressly provided below, this Arbitration Agreement applies to all Claims (defined below) between you and Lyft,

---

[11] *United Health Alliance, LLC v. United Medical, LLC,* 2913 WL 6383026, at *6 (Del. Ch. Nov. 27, 2013).
[12] *Id.*
[13] Payne v Samsung Electronics America, Inc. et al, 2024 WL 726907 (Del. Super.2024); *Noble v. Samsung Electronics America, Inc.* 682 F. App'x. 113, 116 (3d. Cir. 2017)

4

…..

Except as expressly provided below, ALL DISPUTES AND CLAIMS BETWEEN US (EACH A "CLAIM" AND COLLECTIVELY, "CLAIMS") SHALL BE EXCLUSIVELY RESOLVED BY BINDING ARBITRATION SOLELY BETWEEN YOU AND.

…..

BY AGREEING TO ARBITRATION, YOU UNDERSTAND THAT YOU AND LYFT ARE WAIVING THE RIGHT TO SUE IN COURT OR HAVE A JURY TRIAL FOR ALL CLAIMS, EXCEPT AS EXPRESSLY OTHERWISE PROVIDED IN THIS ARBITRATION AGREEMENT. This Arbitration Agreement is intended to require arbitration of every claim or dispute that can lawfully be arbitrated, except for those claims and disputes which by the terms of this Arbitration Agreement are expressly excluded from the requirement to arbitrate.

(g) Exceptions to Arbitration.

This Arbitration Agreement shall not require arbitration of the following types of claims:

(3) Claims for workers' compensation, state disability insurance and unemployment insurance benefits;[14]

It is clear that the parties intended any claim belonging to Alexander as to Lyft be subject to binding arbitration absent one of the specific enumerated exceptions outlined in the agreement which do not apply to Count II.

Having determined that there is an agreement between the parties regarding binding arbitration, the question then becomes who decides what claims are within

---

[14] D.I. 10, Exhibit ("Ex.") 1, Lyft's Terms of Service.

5

the scope of the arbitration agreement. The arbitration agreement at issue further provides: "All disputes concerning the arbitrability of a Claim (including disputes about the scope, applicability, enforceability, revocability or validity of the Arbitration Agreement) shall be decided by the arbitrator."[15]

The question of whether the parties agree to arbitrate is generally one for the courts to decide and not for the arbitrators.[16] However, because whether a particular controversy is arbitrable is itself a type of controversy, parties can agree to arbitrate that issue through a delegation agreement.[17] Courts should not presume that the parties agreed to arbitrate unless there is clear and unmistakable evidence that they did so. When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue.

A "clear and unmistakable intent to submit [substantive] arbitrability issues to an arbitrator exists if an arbitration clause: (1) 'incorporates a set of arbitration rules that empower arbitrators to decide substantive arbitrability,' and (2) 'generally provides for arbitration of all disputes.'"[18] "Satisfaction of the first prong creates a heavy presumption that the parties intended to delegate substantive

---

[15] *Id.*

[16] *BuzzFeed Media Enters., Inc. v. Anderson*, 2024 WL 2187054 (Del. Ch. May 15, 2024); *Fairstead Capital Mgmt. LLC v. FCM Affordable LLC*, 288 A.3d 729 (Del. Ch. 2023); *James & Jackson, LLC v. Willie Gary, LLC*, 906 A 2d 76, 79 (Del. 2006).

[17] *Id.*

[18] *Buzzfeed Media Enters., Inc.*, 2024 WL 2187054, at *5 (quoting *W. IP Comms., Inc v. Xactly Corp.*, 2014 WL 3032270, at *7 (Del. Super. June 25, 2014)).

arbitrability."[19]   "The second prong asks whether that heavy presumption is overcome because the parties did not agree to arbitrate generally all disputes."[20] "To maintain the presumption, an arbitration agreement does not need to delegate all cases to arbitration; it must only generally provide for arbitration of all disputes."[21]   "An arbitration clause that sends to arbitration 'any claim or controversy arising out of or relating to this agreement . . . generally refers all disputes to arbitration.'"[22]  Carveouts in the agreement for certain types of claims do not necessarily negate the delegation presumption.[23]

The instant agreement between the parties contains a delegation clause which is binding on the parties.  The Agreement lays out the Rules" of the Arbitration.  As such, this Court has no jurisdiction to determine whether the claims being asserted fall within the scope of the binding arbitration agreement. That will be the job of the arbitrator.

Alexander maintains that one of the claims being made is for workman's compensation benefits and is excluded from binding arbitration under the parties' agreement.  It is apparent that Lyft agrees with this analysis as it has not moved to dismiss Count I of the Complaint which is based on workman's compensation.

---

[19] *BuzzFeed Media Enters., Inc.*, 2024 WL 2187054, at *5.
[20] *Id.*
[21] *Id.*
[22] *Id.* (quoting *Li v. Standard Fiber, LLC,* 2013 WL 1286202, at *6 (Del. Ch. Mar. 28, 2013)).
[23] *BuzzFeed Media Enters., Inc.* at *6.

Alexander further maintains that by submitting some claims to arbitration and leaving some with this Court might lead to inconsistent results. I agree with Alexander on this concern. However, like the situation in *Antognoli v. Christiana Care Health Services, Inc.*,[24] I am not writing on a clean slate. Delaware law on arbitration and delegation agreements is clear. I must apply that law even if, as in the instant case, leads to an impractical result.

This Court has no jurisdiction over Count II as explained herein. Therefore, Count II of the complaint be and hereby is dismissed.

**IT IS SO ORDERED**.

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

cc:    File&ServeXpress

---

[24] 2023 WL 5441891 (Del. Super. Aug. 22, 2023)